# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 14, 2010

## JOSEPH BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24735     John T. Fowlkes, Jr., Judge**

---

**No. W2009-02103-CCA-R3-PC  - Filed February 25, 2011**

---

The Petitioner, Joseph Brown, appeals as of right from the Shelby County Criminal Court's denial of his petition for post-conviction relief challenging his guilty plea to one count of facilitation of first degree murder and two counts of especially aggravated kidnapping.  The Petitioner contends that he received the ineffective assistance of trial counsel and that his guilty plea was not knowingly and voluntarily entered into.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Jeff Woods, Memphis, Tennessee (on appeal); and Michael E. New, Memphis, Tennessee (at post-conviction hearing), for the appellant, Joseph Brown.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case has a long and complex procedural history spanning over a decade.  The facts of this case arise from the murder of Marshall Shipp and the severe beating of Ricky Aldridge by members of the Gangster Disciples in Memphis, Tennessee.  The Petitioner, along with fifteen other Gangster Disciple members, were indicted for crimes against the victims.  On February 28, 2000, the Petitioner entered a guilty plea to one count of facilitation of first degree murder and two counts of especially aggravated kidnapping.  The

trial court sentenced the Petitioner to 15 years for each conviction and ordered that the sentences be served concurrently, for an effective 15-year sentence. The trial court sentenced the Petitioner as a Ranger I, standard offender for the facilitation of first degree murder conviction. However, the trial court sentenced the Petitioner as a violent offender for each of the especially aggravated kidnapping convictions and ordered his sentence to be served at 100 percent. No direct appeal of the Petitioner's convictions was taken.

On March 1, 2001, the Petitioner filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel, and an amended petition was filed alleging that the Petitioner was denied the effective assistance of trial counsel and that his guilty pleas were not voluntarily, knowingly, and understandingly entered. A hearing was held on the petition, and the post-conviction court entered an order denying the petition on November 26, 2002. The Petitioner filed a pro se notice of appeal and pro se appellate brief arguing that the post-conviction court erred in denying his petition and noting that he was not represented by counsel on appeal. This court vacated the order of the post-conviction court and directed "that counsel be appointed for the [P]etitioner and that the court reenter its order denying post-conviction relief, with the time for the [P]etitoner's appeal beginning to run from the time of the reentry of the order." Joseph Brown v. State, No. W2002-03014-CCA-R3-PC, 2004 WL 253467, at *2 (Tenn. Crim. App. Feb. 11, 2004).

Following this court's order in Brown I, the Petitioner filed a second notice of appeal stating that the post-conviction court reentered its order denying the petition on January 25, 2005. Joseph Brown v. State, No. W2005-00250-CCA-R3-PC, 2006 WL 140409, at *1 (Tenn. Crim. App. Jan. 18, 2006). However, the reentered order was not included in the appellate record. Id. at *2. This court sua sponte ordered the post-conviction court to supplement the record with the reentered order, but the Shelby County Criminal Court Clerk's Office "reported that no reentered order had been found." Id. at *3. This court concluded that "[w]ithout the reentered order, there is nothing in the record to show that the post-conviction court denied post-conviction relief and that this court has jurisdiction over the [P]etitioner's appeal" and accordingly dismissed the appeal. Id. However, this court noted that if "the post-conviction court never reentered the order as this court directed[,] . . . . . then upon the post-conviction court's reentering the order denying post-conviction relief, the [P]etitioner can refile his notice of appeal with the time for appeal beginning to run from the time of the reentry of the order." Id. at *3 n. 1. On October 5, 2009, the post-conviction court reentered its order denying the petition. The Petitioner filed a notice of appeal on October 6, 2009.

At the post-conviction hearing,[1] the Petitioner testified that trial counsel informed him that his sentence would be served at 30 percent, and that had he been aware his plea required him to serve 100 percent of his sentence, he would have gone to trial instead of pleading guilty. However, the Petitioner admitted that the trial court informed him that the State recommended that his sentence for the aggravated kidnapping charges be served at 100 percent. Additionally, the Petitioner admitted that he signed a plea agreement specifying that he was to serve 100 percent of his sentence for the aggravated kidnapping charges. The Petitioner also admitted that he informed the trial court he was freely and voluntarily pleading guilty, that he had discussed his case thoroughly with trial counsel, and that he was satisfied with trial counsel's performance. Despite all this, the Petitioner testified that he did not realize his plea agreement required him to serve 100 percent of his sentence because he "wasn't paying no attention to what they said . . . [he] wasn't paying no attention to 100 percent, numbers, words, nothing they was saying." The Petitioner also asserted that trial counsel failed to investigate and question several possible witness who could testify on the Petitioner's behalf.

Trial counsel testified that he reviewed the plea agreement with the Petitioner and felt that the Petitioner understood he would be serving 100 percent of his sentence. Trial counsel also testified that he felt the Petitioner was satisfied with his performance because the Petitioner was sentenced to only 15 years while several of the Petitioner's co-defendants had received life sentences. As for the possible witnesses, trial counsel testified that two of the witnesses were not present at the crime scene and would not be relevant witnesses, and the third witness was a co-defendant who had been convicted of murder prior to the Petitioner's scheduled trial. Based on this evidence, the post-conviction court concluded that trial counsel's performance was more than adequate and that the Petitioner was "fully aware of the effect of [his] guilty plea." Accordingly, the post-conviction court denied the petition for post-conviction relief.

## ANALYSIS

The Petitioner contends that he received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered into. Specifically, the Petitioner contends that trial counsel failed to inform him he would have to serve 100 percent of his sentence prior to the entry of his guilty plea and that had he known this he would have insisted on going to trial. The Petitioner also contends that trial counsel failed to interview

---

[1]We note that the Petitioner failed to include a copy of the guilty plea hearing transcript and the transcript of the post-conviction hearing for this appeal's record. However, these records were included in the appellate record for Brown II, 2006 WL 140409, and this court may take judicial notice of its own records. See State v. Lawson, 291 S.W.3d 864, 869-70 (Tenn. 2009).

several possible witnesses. The State responds that the Petitioner failed to prove his allegations by clear and convincing evidence and, in fact, the evidence is overwhelming that the Petitioner knowingly and voluntarily entered into his guilty plea. The State also responds that the Petitioner failed to present the potential witnesses at his post-conviction hearing; therefore, he has waived this issue.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

Trial counsel testified that he reviewed the plea agreement with the Petitioner and informed him that he would serve 100 percent of his sentence. Moreover, the plea agreement signed by the Petitioner specifies that his sentence for aggravated kidnapping is to be served at 100 percent. Additionally, the Petitioner admitted that he informed the trial court that he was voluntarily pleading guilty, that he had reviewed the plea agreement with his attorney, and that he was satisfied with trial counsel's performance. Furthermore, the trial court specifically informed the Petitioner that his sentence was to be served at 100 percent, and asked if the Petitioner had any questions pertaining to his guilty plea. The Petitioner

responded that he understood his guilty plea and had no questions for the trial court. The only evidence the Petitioner offers in support of his assertion that he did not voluntarily enter his guilty plea is his own testimony that he was unaware he was being sentenced to serve 100 percent because he "wasn't paying no attention" to the guilty plea proceedings. Accordingly, we conclude that the evidence does not preponderate against the post-conviction court's findings.

In regards to the Petitioner's contention that trial counsel failed to investigate several possible witnesses, we note that the Petitioner did not present the testimony of any of these possible witnesses at the post-conviction hearing. This court has long held that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We cannot speculate as to what these witnesses may have said if presented. Id. Accordingly, we conclude that the post-conviction court did not err in finding that the Petitioner failed to establish by clear and convincing evidence that counsel was ineffective at trial.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE